# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**DEBORAH DVORACHEK,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　Case No. 6:07-cv-1201-Orl-19GJK

**SCOTT CREATIVE FOODS, INC.,**
**WILLIAM S. EARICK and WILLIAM**
**HEISS,**

        **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motions:

> **MOTION:** **JOINT MOTION OF APPROVAL OF SETTLEMENT AGREEMENT (Doc. No. 30)**
>
> **FILED:** **December 3, 2008**
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

> **MOTION:** **PLAINTIFF'S AMENDED MOTION FOR ENTRY OF JUDGMENT (Doc. No. 33)**
>
> **FILED:** **January 30, 2009**
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED as moot.**

On December 3, 2008, Plaintiff and Defendants jointly moved the Court to approve their

settlement ("Settlement Agreement") of Plaintiff's claims ("Motion for Settlement") pursuant to the Fair Labor Standards Act ("FLSA"). Doc. No. 30. On January 30, 2009, Plaintiff filed an opposed motion requesting this Court to enter a judgment ("Motion for Judgment") against the Defendants due to Defendants' alleged breach of the Settlement Agreement. Doc. No. 33.[1]

Pursuant to *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982) judicial review and approval of this settlement is necessary to give it final and binding effect. As the Eleventh circuit held in *Lynn*:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id*. at 1352-53. Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id*. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

(1) the existence of collusion behind the settlement;
(2) the complexity, expense, and likely duration of the litigation;

---

[1]Plaintiff originally filed an unopposed motion for judgment (Doc. No. 32) which was later amended to reflect that the motion was no longer unopposed by the Defendants.

> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

See *Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F. 3d 1527, 1531 n. 6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-1592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3, (M.D. Fla. January 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F. 2d 1326, 1331 (5th Cir. 1977).

The Court has reviewed the proposed Settlement Agreement as required by *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982), and finds the Settlement Agreement is a fair and reasonable resolution of a bona fide dispute. The case involved disputed issues of FLSA coverage, which constitutes a bona fide dispute. Each party was represented by independent counsel, who were obligated to vigorously represent their client. The parties agreed to settle Plaintiff's unpaid overtime compensation claim for $1,000. Plaintiff's counsel will receive $4,000 in attorney's fees and costs. The Court finds the proposed Settlement Agreement in exchange for Plaintiff's release of claims and dismissal of the action with prejudice to be fair and reasonable.

Pursuant to *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994), the Court does not retain jurisdiction over the settlement agreement unless it does so expressly in its order dismissing the action or unless it incorporates the terms of the settlement agreement in the order. As the parties agree that any breach of the agreement is to be determined by applicable Florida law (Doc. No. 30-2, ¶ 13), and because breach of the agreement would not involve any federal claim, the Court should not retain jurisdiction to enforce the settlement agreement.

**IT IS RECOMMENDED THAT**:

1. The Court grant the Motion for Settlement (Doc. No. 30) only to the extent that it is a fair and reasonable resolution of a bona fide dispute;

2. The Court deny the Motion for Judgment (Doc. No. 33) as moot; and

2. The Court dismiss the case with prejudice and direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 6, 2009.

Copies furnished to:

The Honorable Patricia C. Fawsett

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE